UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JEREMIAH MASSEY, Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case number 4:08cv0237 JCH |
| ) | TCM |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

# REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405 (g) for judicial review of the final decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying the applications of Jeremiah Massey, Jr. ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433.[1] Pending is the unopposed motion of the Commissioner to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff filed for DIB in October 2005, alleging he was unable to work after July 26, 2004, because of deafness, leg pain, swollen hands, poor vision, and a weak back. (R.[2] at 52-55.) His application was denied initially and after a requested administrative hearing before Administrative Law Judge "ALJ" James E. Seiler. (Id. at 12-20; 37-41, 160-79.) The

---

[1]The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

[2]References to "R." are to the administrative record filed by the Commissioner with his answer.

ALJ found that Plaintiff had "degenerative osteoarthritis of the left knee, back pain and deafness in both ears" but did not have an impairment or combination of impairments of listing-level severity. (Id. at 18.) The ALJ further found that, although Plaintiff could not return to his past relevant work, he could perform the full range of medium work. (Id.) The Appeals Council denied review, effectively adopting the ALJ's decision as the final decision of the Commissioner. (Id. at 2-4.)

Plaintiff then initiated this action, arguing in a brief in support of his complaint that the ALJ erred by (1) relying on the Medical-Vocational Guidelines and failing to obtain evidence from a vocational expert after finding that Plaintiff had nonexertional limitations of pain and difficulty hearing, (2) failing to properly evaluate his residual functional capacity, and (3) failing to properly assess his credibility.

The Commissioner moves to remand to the Appeals Council for the Council to then remand to the ALJ to (i) further evaluate Plaintiff's hearing impairment and any associated limitations; (ii) obtain, if necessary, a consultative otology evaluation; and (iii) elicit testimony by a vocational expert on the adverse affects of any hearing limitations on Plaintiff's ability to work. Plaintiff does not oppose the motion to remand.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[3] by its terms, authorizes a court to enter 'a judgment affirming, modifying,

---

[3]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)). A remand sought by the Commissioner after he files his answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Id.** The remand sought in the instant case is, therefore, properly considered a sentence four remand. See **Pottsmith v. Barnhart**, 306 F.3d 526, 528 (8th Cir. 2002) (finding that order granting Commissioner's motion to remand for introduction of medical expert testimony was appropriately made pursuant to sentence four); **Boyle v. Halter**, 165 F.Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand after answer was appropriately made pursuant to sentence four). The Commissioner's unopposed motion should be granted pursuant to sentence four.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Reverse and Remand be **GRANTED** pursuant to sentence four of 42 U.S.C. § 405(g), his decision be REVERSED, and the case be REMANDED for further proceedings as outlined by the Commissioner. [Doc. 14]

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that

---

Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of August, 2008.